IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SRA INSURANCE AGENCY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>DWIGHT PATRICK HETTINGER, JR., and THE PALADIN GROUP,<br><br>    Defendants.<br>_____<br><br>DWIGHT PATRICK HETTINGER, JR.,<br><br>    Counter Claimant,<br><br>vs.<br><br>SRA INSURANCE AGENCY, LLC,<br><br>    Counter Defendant. | No. 23-CV-1012 CJW-MAR<br><br>**PERMANENT INJUNCTION AND ORDER OF DISMISSAL** |

    This matter is before the Court on the parties' Joint Motion for Permanent Injunction and Agreed Order of Dismissal ("Joint Motion"). (Doc. 23). Plaintiff SRA Insurance Agency, LLC, Defendant Dwight Patrick Hettinger, Jr. ("Defendant Hettinger"), and Defendant The Paladin Group ("Defendant Paladin"), by their respective counsel, entered into and agree to this Permanent Injunction (the "Injunction"). The parties have reached a settlement to resolve this litigation, and as part of that resolution, the parties wish to enter the Injunction articulated below. Under this agreement, the parties agree to waive any requirement for a bond for this Injunction. Further, the parties have agreed that this Injunction meets the requirements of law, including Rule 65 of the Federal Rules of Civil Procedure, and is enforceable. By

1

agreeing to this Injunction, the parties jointly stipulate and request that the Court enter this Injunction. By their respective signatures to the Joint Motion, the Court finds that the parties have reached agreement on the terms of a resolution and Injunction.

For these reasons, and upon the parties' joint agreement, the Court enters the following permanent injunction and dismissal order:

A. Defendant Hettinger and Defendant Paladin will not use, disclose, or misappropriate any of SRA's Confidential Information. The term "Confidential Information" includes, but is not limited to, all confidential, proprietary and/or non-public information, whether or not in written or recorded form, concerning the business or affairs of SRA, including but not limited to, information concerning:

i) SRA's clients, prospective clients, acquisition targets, insurance brokers, vendors, insurance carriers, policy forms and information, policy types, rating information, premium amounts, expiration dates, information on risk characteristics, information concerning insurance markets for large or unusual risks and/or contracts or arrangements (including special terms and deals);

ii) SRA's financial condition, results of operations, marketing plans, business plans, operations, pricing, promotions, and business strategies and methods; and

iii) The services and products offered by SRA to its clients or prospective clients, including but not limited to, policy forms, rating information, expiration dates, information on risk characteristics, and information concerning insurance markets for large and usual risks.

B. For the period until and including October 15, 2026, Defendant Paladin shall not, directly or indirectly through another person or entity:

i) Offer, sell, solicit, quote, place, provide, renew, or service any insurance product, or provide service to, or accept business from, any Restricted Client[1];

ii) Take any action intended, or reasonably likely, to cause any Restricted Client to diminish its business with, or cease or refrain from doing business with, SRA; or

iii) Solicit for employment, hire, engage to perform services, or induce to terminate employment with SRA, any of SRA's current employees, or solicit for employment, hire, or engage to perform services, any person that was employed by SRA within the six (6) months prior to the date this Injunction is entered by the Court.

C. For the period until and including May 24, 2026, Defendant Hettinger shall not, directly or indirectly through another person or entity:

i) Offer, sell, solicit, quote, place, provide, renew, or service any insurance product, or provide service to, or accept business from, any Restricted Client;

ii) Take any action intended, or reasonably likely, to cause any Restricted Client to diminish its business with, or cease or refrain from doing business with, SRA; or

iii) Solicit for employment, hire, engage to perform services, or induce to terminate employment with SRA, any of SRA's current employees, or solicit for employment, hire, or engage to perform services, any person that was

---

[1] Restricted Client is defined by an identifiable group of clients attached as an exhibit to the parties' respective confidential settlement agreements.

employed by SRA within the six (6) months prior to the date this Injunction is entered by the Court.

D.     The Court finds that the limited restrictions of this Injunction are reasonable, valid, and enforceable.

E.     This Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Injunction and SRA, Defendant Hettinger, and Defendant Paladin consent to the personal and subject matter jurisdiction of this Court.

F.     This Injunction is and shall be binding on SRA, Defendant Hettinger, and Defendant Paladin and their successors, assigns, and heirs.

G.     SRA's claims against Defendant Hettinger and Defendant Paladin in this case are hereby **dismissed with prejudice.**

H.     Each party shall bear its own expenses, attorneys' fees, and costs.

I.     There shall be no appeal from this Injunction.

**IT IS SO ORDERED** this 21st day of December, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa